## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| JAMES JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:10-CV-437 |
| ) | |
| ALLAN BEDFORD, Realtor, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### OPINION AND ORDER

This matter is before the court on Plaintiff James Jackson's complaint and his petition to proceed *in forma pauperis*. For the reasons set forth below, pursuant to 28 U.S.C. section 1915(e)(2), the court **DENIES** the Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** this case.

BACKGROUND

The defendants, Allan and Carlyn Bedford, are realtors, who Mr. Jackson alleges repossessed a home he was buying. Mr. Jackson alleges in his complaint that the Bedfords "lied and manipulated the small claims court by filing false documents to take my property." (DE 1 at 2). He states that the false documents allegedly prepared by the Bedfords "stat[ed] late payments." (*Id.*).

DISCUSSION

Pursuant to 28 U.S.C. section 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. section 1915(e)(2). If a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

The Plaintiff brings this action pursuant to 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

To state a claim under section 1983, it is essential that the

person who committed the alleged wrongful conduct was "acting under color of state law," and if the defendant did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961).

Private parties, such as realtors, are generally not "clothed with the authority of state law" and do not "act under color of state law." The facts presented in this action do not suggest that Allan and Carlyn Bedford acted "under color of state law" in this case when they repossessed the home Mr. Jackson was buying. Because the defendants did not act "under color of state law," Mr. Jackson may not maintain this action against them under section 1983.

CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (DE #2) and pursuant to 28 U.S.C. section 1915(e)(2) **DISMISSES** this cause of action.

**DATED: January 4, 2011**               /S/RUDY LOZANO, Judge
                                         **United States District Court**